UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NICO LEGRAND a/k/a TONY JONES,

                     Petitioner,                   13-cv-5282 (PKC)

     -against-

                                        ORDER ADOPTING REPORT
                                        AND RECOMMENDATION

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

                     Respondent.
-----------------------------------------------------------x

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:** _____
**DATE FILED:** 3/2/17

CASTEL, U.S.D.J.

       On December 28, 2016, Magistrate Judge Katharine H. Parker issued a Report

and Recommendation (the "R&R") recommending that the undersigned dismiss in its entirety the

petition for writ of habeas corpus filed by Nico LeGrand, a/k/a Tony Jones, pursuant to 28

U.S.C. § 2254. (Docket # 22.) Mr. LeGrand has filed no objections to the R&R.

       The docket indicates that on December 28, 2016, a copy of the R&R was mailed

to LeGrand at Wende Correctional Facility in Alden, New York. A docket entry of January 18,

2017 indicates that the mail was received returned. A second entry of January 18, 2017 states

that a copy of the R&R was re-mailed to Wende Correctional Facility, this time addressed to the

name of LeGrand's apparent alias, Tony Jones. There is no indication that this second mailing

was returned.

       The R&R advised LeGrand in boldface type that he had 17 days from the service

of the R&R to file written objections with the undersigned, and warned that failure to file such

objections would result in a waiver of his right to object. (R&R at 25.) It also directed the

Mailed to Nico LeGrand - 3/2/2017.

parties to contact the undersigned if they wished to request an extension of time to file objections. More than two months have passed since the R&R was filed, and more than six weeks have passed since the apparently successful mailing to the petitioner. No objections or requests for extensions have been submitted to the Court.

The R&R expressly called LeGrand's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). LeGrand received clear notice of the consequences of the failure to object and has waived the right to object to the R&R or obtain further judicial review of the magistrate's decision. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); see also Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008). Where clear notice of the consequences of a failure to object has been provided, the Court may adopt an unobjected-to report and recommendation without de novo review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Although the Court is not required to undertake a de novo review, it notes that the conclusions of Magistrate Judge Parker are well-reasoned and grounded in law. After his first trial ended with a hung jury, and the finding of guilt in a second trial was vacated on appeal, LeGrand was found guilty of second-degree murder in a third trial, and his conviction and sentence were affirmed on appeal. LeGrand's petition challenges evidentiary rulings at trial, asserts that the jury's guilty verdict was contrary to the weight of the evidence and contends that his appellate counsel was ineffective. The R&R concluded that all of LeGrand's claims for relief

fail on the merits, and that all claims other than ineffective assistance are procedurally barred on exhaustion grounds. (See Docket # 22.) The R&R thoroughly summarized the procedural history leading up to LeGrand's conviction and subsequent appeals. It reviewed the petitioner's obligation to procedurally exhaust his claims in state court under 28 U.S.C. § 2254(b)(1), and also addressed the merits of LeGrand's claims for relief.

The R&R is adopted, and the action is dismissed.

LeGrand has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      March 1, 2017